

# KINDLON
# SHANKS ATTORNEYS AND COUNSELORS AT LAW

74 CHAPEL STREET, ALBANY, NEW YORK 12207
518-434-1493 Fax 518-432-7806

TERENCE L. KINDLON
LAURIE SHANKS*

KATHY MANLEY
LEE C. KINDLON
MARK J. SACCO
JAMES E. TYNER

*ADMITTED IN NEW YORK
ARIZONA AND INDIANA

January 17, 2005

Hon. Thomas J. McAvoy
United States District Court
15 Henry Street
Binghamton, New York 13901

***(EX PARTE, CONFIDENTIAL)***

**United States v. Yassin Aref**
**1:04-CR-402-001**

Dear Judge McAvoy:

This is a request to declare this a complex case so that adequate funding will be made available for its defense. The record indicates this is an unusual and complex case. In fact, the complex nature of the case was confirmed a few days ago by your most recent order excluding the time period from January 14, 2005 to April 14, 2005, from speedy trial computations under the provisions of Title 18, United States Code, Section 3161(h)(8).

The order in question contains a finding, pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(ii), "that *this case is so unusual and complex* that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by Title 18, United States Code, Section 3161(c)(1)..." (italics supplied)

Because this case is complex it has been necessary for counsel to devote time and effort–well in excess of the "normal" amounts of time and effort customary in other cases–to do legal research, to investigate, to attend pretrial hearings and scheduling conferences, to review discovery materials and to prepare for trial. Based upon my experience up to this point, I anticipate it will continue to be necessary to expend disproportionately greater amounts of time than are customary in order to competently defend my client against the serious charges he faces. Significantly, my client Yassin Aref, whose residency in the United States of America comes as the result of being classified a refugee, will be deported if he is convicted of any offense, which

Hon. Thomas A. McAvoy
January 17, 2005
Page two

will have a devastating impact on him, his wife and his three young children.

The detention hearing in this case provides an excellent example of the kinds of complexity we have encountered from the start. This prosecution began with a barrage of negative publicity disseminated by the government, directed at my client. At the outset, there were two separate, extensive detention hearings. Each required an inordinate amount of time for investigation, legal research and court time. At the conclusion of the first detention hearing my client was ordered detained. After the second he was ordered released on conditions. In order to assemble the resources necessary to guarantee his bond a third court appearance, at which testimony was taken, was necessary.

The case is further complicated by the fact that much of our pretrial work is being regulated by the Classified Information Procedures Act (CIPA), and because the court has set forth a complex process, pursuant to CIPA, by which counsel is to gain access to classified information, to be provided through discovery.

This case is factually complex because it involves extensive pretrial discovery materials, some of which are currently unavailable to the defense because of repeated government requests for delay and/or because such information is "classified" and a security clearance is required in order to examine it (counsel has applied for, and awaits, a "Top Secret" security clearance in order to gain access to some of this information).

Additionally, since my client is an Iman, and was acting as such under the circumstances described in the indictment, in order to properly prepare for trial it is necessary to develop a basic, working familiarity with many aspects of Middle Eastern culture, with the religion of Islam and with portions of *The Qur'an*.

Further, because there are three or four different languages employed by individuals speaking on the electronic recordings that constitute a significant portion of the discovery materials in this case it is necessary to work with translators in order to develop a basic understanding of the information contained on those recordings. In this regard, because the recordings are extremely lengthy, a significant amount of time is required to listen to them. In addition to containing conversations in a number of different languages, the difficulty in deciphering the electronic recordings is exacerbated by the poor audibility of many of them.

As a result of the complexity of this case it is respectfully requested that the court order

Hon. Thomas A. McAvoy
January 17, 2005
Page three


CJA compensation in excess of statutory limitations. If any further information is required please advise.  Thank you.

Respectfully,

KINDLON and SHANKS, P.C.

By:

Terence L. Kindlon
Tkindlon@aol.com


TLK/arh

enc.