U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

SEP 2 9 2005

LAWRENCE K. BAERMAN, CLERK
ALBANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

**YASSIN MUHIDDIN AREF and
MOHAMMED MOSHARREF
HOSSAIN,**
    Defendants.

Case No. 1:04-CR-402 (TJM)

**SUPERSEDING
INDICTMENT**

Vio:   18 U.S.C. § 1956(h) (1 count)
       18 U.S.C. §§ 1956(a)(3)(B) & 2
       (10 counts)
       18 U.S.C. § 2339A  (1 count)
       18 U.S.C. § 2339A & 2 (7 counts)
       18 U.S.C. § 2339B (1 count)
       18 U.S.C. § 2339B & 2 (7 counts)
       18 U.S.C. § 1546 (1 count)
       18 U.S.C. § 1001 (2 counts)

---

**THE GRAND JURY CHARGES THAT:**

**COUNT 1**

1.    Beginning in or about December 2003 and continuing through and including August 2004, in the State and Northern District of New York, defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN** knowingly and intentionally combined, conspired, confederated, and agreed with each other to violate Title 18, United States Code, Section 1956(a)(3)(B).

## OBJECT OF THE CONSPIRACY

2.    It was a part and an object of the conspiracy that defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN**, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, would and did conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce involving property represented by another person acting at the direction and with the approval of a Federal official authorized to investigate or prosecute violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit engaging in the business of importing and dealing in firearms without a license (contrary to Title 18, United States Code, Section 922(a)(1)), providing material support and resources to a foreign terrorist organization (contrary to Title 18, United States Code, Section 2339B), and providing material support and resources, knowing that they are to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 2332a (contrary to Title 18, United States Code, Section 2339A).

## MANNER AND MEANS OF THE CONSPIRACY

3.    It was part of the conspiracy that defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN** believed that another individual (hereinafter "the cooperating individual"), had imported a surface to air missile ("SAM") into the United States from China to provide to terrorists in New York City in return for $50,000,

and that the cooperating individual wished to conceal the actual source of the $50,000 proceeds from the SAM importation;

4.    It was part of the conspiracy that defendant **MOHAMMED MOSHARREF HOSSAIN** would accept periodic cash payments totaling $50,000 from the cooperating individual which were represented to be from the proceeds of the SAM importation;

5.    It was part of the conspiracy that defendant **MOHAMMED MOSHARREF HOSSAIN** would return $45,000 of the $50,000 to the cooperating individual by periodically writing checks payable to a business entity identified by the cooperating individual, for the purpose of making it appear as though the cooperating individual had earned the $45,000 through the operation of that business;

6.    It was part of the conspiracy that defendant **MOHAMMED MOSHARREF HOSSAIN** would receive $5,000 of the $50,000 in return for assisting in concealing the source of the proceeds;

7.    It was part of the conspiracy that defendant **YASSIN MUHIDDIN AREF** would witness and serve as a guarantor for the transactions between defendant **MOHAMMED MOSHARREF HOSSAIN** and the cooperating individual;

8.    It was part of the conspiracy that defendant **YASSIN MUHIDDIN AREF** would retain written receipts of the transactions between defendant **MOHAMMED MOSHARREF HOSSAIN** and the cooperating individual;

9.    In preparation for and during the course of the conspiracy, the following events occurred:

    a.    On or about November 20, 2003, the cooperating individual showed defendant **MOHAMMED MOSHARREF HOSSAIN** a SAM, and represented that the

SAM had been imported from China to be provided to terrorists in New York City;

b.    On or about January 2, 2004, the cooperating individual showed defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN** the trigger mechanism for the SAM;

c.    On or about January 2, 2004, defendant **YASSIN MUHIDDIN AREF** received $5,000 in U.S. currency from the cooperating individual, counted the currency, and gave it to defendant **MOHAMMED MOSHARREF HOSSAIN**;

d.    On or about January 2, 2004, defendant **YASSIN MUHIDDIN AREF** gave the cooperating individual a check in the amount of $2,000 payable to a business entity identified by that individual;

e.    On or about January 2, 2004, defendant **YASSIN MUHIDDIN AREF** gave the cooperating individual a written receipt evidencing that the cooperating individual had given $5,000 to defendant **MOHAMMED MOSHARREF HOSSAIN**;

f.    On or about January 14, 2004, the cooperating individual represented to defendant **YASSIN MUHIDDIN AREF**, in sum and substance, that he is affiliated with Jaish-E-Mohammed (hereinafter "JEM"), a group that has been designated by the Secretary of State as a foreign terrorist organization, that he had provided the SAM to JEM, and that the SAM was being sent to New York City in preparation for a terrorist attack;

g.  On or about January 21, 2004, defendant **YASSIN MUHIDDIN AREF** received $10,000 in U.S. currency from the cooperating individual, counted the currency, and gave it to defendant **MOHAMMED MOSHARREF HOSSAIN**;

h.  On or about January 21, 2004, defendant **MOHAMMED MOSHARREF HOSSAIN** gave the cooperating individual a check in the amount of $2,000 payable to a business entity identified by that individual;

i.  On or about January 29, 2004, defendant **YASSIN MUHIDDIN AREF** gave the cooperating individual a written receipt evidencing that the cooperating individual had given an additional $10,000 to defendant **MOHAMMED MOSHARREF HOSSAIN**;

j.  On or about February 3, 2004, the cooperating individual represented to defendant **MOHAMMED MOSHARREF HOSSAIN**, in sum and substance, that he is affiliated with JEM, and that JEM was preparing for a terrorist attack in New York City;

k.  On or about February 12, 2004, defendant **YASSIN MUHIDDIN AREF** received $10,000 in U.S. currency from the cooperating individual, counted the currency, and gave it to defendant **MOHAMMED MOSHARREF HOSSAIN**;

l.  On or about February 12, 2004, defendant **MOHAMMED MOSHARREF HOSSAIN** gave the cooperating individual a check in the amount of $2,000 payable to a business entity identified by that individual;

m.  On or about February 12, 2004, the cooperating individual represented to defendants **MOHAMMED MOSHARREF HOSSAIN and YASSIN**

5

**MUHIDDIN AREF**, in sum and substance, that the SAM was going to be used in a terrorist attack in New York City during the following week;

n.   On or about February 13, 2004, defendant **MOHAMMED MOSHARREF HOSSAIN** gave the cooperating individual a check in the amount of $6,000 payable to a business entity identified by that individual;

o.   On or about February 19, 2004, defendant **YASSIN MUHIDDIN AREF** gave the cooperating individual a written receipt evidencing that the cooperating individual had given an additional $10,000 to defendant **MOHAMMED MOSHARREF HOSSAIN**;

p.   On or about March 31, 2004, defendant **MOHAMMED MOSHARREF HOSSAIN** gave the cooperating individual a check in the amount of $2,000 payable to a business entity identified by that individual;

q.   On or about April 15, 2004, defendant **YASSIN MUHIDDIN AREF** received $10,000 in U.S. currency from the cooperating individual, counted the currency, and gave it to defendant **MOHAMMED MOSHARREF HOSSAIN**;

r.   On or about April 16, 2004, defendant **MOHAMMED MOSHARREF HOSSAIN** gave the cooperating individual a check in the amount of $5,000 payable to a business entity identified by that individual;

s.   On or about April 21, 2004, defendant **YASSIN MUHIDDIN AREF** gave the cooperating individual a written receipt evidencing that the cooperating individual had given an additional $10,000 to defendant **MOHAMMED MOSHARREF HOSSAIN**;

t.     On or about May 4, 2004, defendant **MOHAMMED MOSHARREF HOSSAIN** caused to be given to the cooperating individual a check in the amount of $2,000 payable to a business entity identified by that individual;

u.     On or about June 1, 2004, defendant **MOHAMMED MOSHARREF HOSSAIN** gave the cooperating individual a check in the amount of $2,000 payable to a business entity identified by that individual;

v.     On or about June 9, 2004, defendant **YASSIN MUHIDDIN AREF** received $5,000 in U.S. currency from the cooperating individual, counted the currency, and gave it to defendant **MOHAMMED MOSHARREF HOSSAIN**;

w.     On or about July 1, 2004, defendant **MOHAMMED MOSHARREF HOSSAIN** gave the cooperating individual a check in the amount of $2,000 payable to a business entity identified by that individual; and

x.     On or about August 3, 2004, defendant **MOHAMMED MOSHARREF HOSSAIN** gave the cooperating individual a check in the amount of $2,000 payable to a business entity identified by that individual.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 2-11

10.     On or about each of the dates set forth below, in the State and Northern District of New York, defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN**, each aiding and abetting the other, with the intent to conceal and disguise the nature, location, source, ownership, and control, of property believed to be the proceeds

of specified unlawful activity, knowingly conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce involving property represented by another person acting at the direction and with the approval of a Federal official authorized to investigate or prosecute violations of Title 18, United States Code, Section 1956, to be proceeds of specified unlawful activity, as more fully described below.

| COUNT | DATE | TRANSACTION CONDUCTED | SPECIFIED UNLAWFUL ACTIVITY |
|---|---|---|---|
| 2 | 01/02/04 | $2,000 check written and delivered | - Title 18, United States Code, Section 922(a)(1) (engaging in the business of importing and dealing in firearms without a license) |
| 3 | 01/21/04 | $2,000 check written and delivered | - Title 18, United States Code, Section 922(a)(1) (engaging in the business of importing and dealing in firearms without a license) |
| 4 | 02/12/04 | $2,000 check written and delivered | - Title 18, United States Code, Section 922(a)(1) (engaging in the business of importing and dealing in firearms without a license)<br><br>- Title 18, United States Code, Section 2339B (providing material support and resources to a foreign terrorist organization) |

| COUNT | DATE | TRANSACTION CONDUCTED | SPECIFIED UNLAWFUL ACTIVITY (COUNTS 5-11) |
|---|---|---|---|
| 5 | 02/13/04 | $6,000 check written and delivered | - Title 18, United States Code, Section 922(a)(1) (engaging in the business of importing and dealing in firearms without a license) |
| 6 | 03/31/04 | $2,000 check written and delivered | - Title 18, United States Code, Section 2339B (providing material support and resources to a foreign terrorist organization) |
| 7 | 04/16/04 | $5,000 check written and delivered | - Title 18, United States Code, Section 2339A (providing material support and resources, knowing that they were to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 2332a) |
| 8 | 05/04/04 | $2,000 check written and delivered | |
| 9 | 06/01/04 | $2,000 check written and delivered | |
| 10 | 07/01/04 | $2,000 check written and delivered | |
| 11 | 08/03/04 | $2,000 check written and delivered | |

In violation of Title 18, United States Code, Section 1956(a)(3)(B) and Title 18, United States Code, Section 2.

9

## COUNT 12

11.    The Grand Jury realleges all of the allegations contained in paragraphs 3-8, 9(a),(b),(f),& (j)-(x) of this Superseding Indictment as set forth above and incorporates those paragraphs by reference as if they were fully set forth herein.

12.    Beginning in or around February 2004, and continuing through and including June 2004, in the State and Northern District of New York, defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN** knowingly and intentionally combined, conspired, confederated, and agreed with each other to violate Title 18, United States Code, Section 2339A.

## OBJECT OF THE CONSPIRACY

13.    It was a part and an object of the conspiracy that defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN** would and did conceal and disguise the nature, location, source, and ownership of material support and resources, knowing that they were to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 2332a (which prohibits using, threatening to use, attempting to use, and conspiring to use, without lawful authority, a weapon of mass destruction against any person within the United States in a manner that affects and would have affected interstate and foreign commerce).

10

## MANNER AND MEANS OF THE CONSPIRACY

14. It was part of the conspiracy that defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN** believed that the cooperating individual had imported a SAM into the United States from China to provide to terrorists for use in an attack in New York City, and that the cooperating individual wished to conceal the source and means through which he had actually obtained the $50,000 proceeds from the importation of the SAM.

All in violation of Title 18, United States Code, Section 2339A.

## COUNTS 13-19

15. The Grand Jury realleges all of the allegations contained in paragraphs 11 and 14 of this Superseding Indictment as set forth above and incorporates those paragraphs by reference as if they were fully set forth herein.

16. On or about each of the dates set forth below, in the State and Northern District of New York, defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN** attempted to conceal and disguise the nature, location, source, and ownership of material support and resources, knowing that they were to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 2332a, and aided, abetted, and caused such attempt.

| COUNT | DATE | ACT OF ATTEMPTED CONCEALMENT |
|---|---|---|
| 13 | 02/13/04 | $6,000 check written and delivered |
| 14 | 03/31/04 | $2,000 check written and delivered |

| 15 | 04/16/04 | $5,000 check written and delivered |
| 16 | 05/04/04 | $2,000 check written and delivered |
| 17 | 06/01/04 | $2,000 check written and delivered |
| 18 | 07/01/04 | $2,000 check written and delivered |
| 19 | 08/03/04 | $2,000 check written and delivered |

In violation of Title 18, United States Code, Section 2339A and Title 18, United States Code, Section 2.

## COUNT 20

17.    The Grand Jury realleges all of the allegations contained in paragraphs 3-8, 9(a),(b),(f), & (j)-(x) of this Superseding Indictment as set forth above and incorporates those paragraphs by reference as if they were fully set forth herein.

18.    Beginning in or around February 2004, and continuing through and including June 2004, in the State and Northern District of New York, defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN** knowingly and intentionally combined, conspired, confederated, and agreed with each other, to violate Title 18, United States Code, Section 2339B.

## OBJECT OF THE CONSPIRACY

19.    It was a part and an object of the conspiracy that defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN** would and did attempt to

provide and aid and abet the provision of material support or resources to a foreign

terrorist organization, Jaish-E-Mohammed (hereinafter "JEM"), knowing that JEM was a

designated terrorist organization, that JEM engages in or has engaged in terrorist activity,

and that JEM engages in or has engaged in terrorism.


## MANNER AND MEANS OF THE CONSPIRACY

20.    It was part of the conspiracy that defendants **YASSIN MUHIDDIN AREF and**

**MOHAMMED MOSHARREF HOSSAIN** believed that the cooperating individual had

imported a SAM into the United States from China to provide to JEM for use in an attack

in New York City, and that the cooperating individual wished to conceal the source and

means through which he had actually obtained the $50,000 proceeds from the importation

of the SAM.

All in violation of Title 18, United States Code, Section 2339B.


## COUNTS 21-27

21.    The Grand Jury realleges all of the allegations contained in paragraphs 17 and 20 of this

Superseding Indictment as set forth above and incorporates those paragraphs by reference

as if they were fully set forth herein.

22.    On or about each of the dates set forth below, in the State and Northern District of New

York, defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF**

**HOSSAIN**, knowing that Jaish-E-Mohammed (hereinafter "JEM") was a designated

terrorist organization, that JEM engages in or has engaged in terrorist activity, and that

JEM engages in or has engaged in terrorism, attempted to provide material support and resources to JEM, a foreign terrorist organization, and aided, abetted such attempt.

| COUNT | DATE | ACT OF ATTEMPTED MATERIAL SUPPORT |
|---|---|---|
| 21 | 02/13/04 | $6,000 check written and delivered |
| 22 | 03/31/04 | $2,000 check written and delivered |
| 23 | 04/16/04 | $5,000 check written and delivered |
| 24 | 05/04/04 | $2,000 check written and delivered |
| 25 | 06/01/04 | $2,000 check written and delivered |
| 26 | 07/01/04 | $2,000 check written and delivered |
| 27 | 08/03/04 | $2,000 check written and delivered |

In violation of Title 18, United States Code, Section 2339B and Title 18, United States Code, Section 2.

## COUNT 28

23.    On or about February 13, 2002, at or near Albany, in the State and Northern District of New York, defendant **YASSIN MUHIDDIN AREF** did knowingly and willfully subscribe as true under penalty of perjury a false statement with respect to a material fact in a Form I-485 Application to Register Permanent Resident or Adjust Status, required by the immigration laws or regulations prescribed thereunder, and did knowingly present such Application which contained such false statement, to wit, defendant answered "None" to question C, which reads: "List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society or similar group in the United States or in any other places since your 16[th]

14

birthday, ... " whereas, in truth and in fact, as the defendant then well knew when he signed the application under penalty of perjury, after his 16th birthday defendant had been a member of or affiliated with the Islamic Movement in Kurdistan, an armed Islamic Movement seeking to establish an Islamic government in Iraq. All in violation of Title 18, United States Code, Section 1546.

## COUNT 29

24. On or about August 5, 2004, at or near Albany, in the State and Northern District of New York, defendant **YASSIN MUHIDDIN AREF**, in a matter within the jurisdiction of the United States Department of Justice, Federal Bureau of Investigation, did knowingly and willfully make a materially false, fictitious and fraudulent statement, to wit, when interviewed by FBI agents, defendant denied that he had been a member or part of the Islamic Movement in Kurdistan, whereas, in truth and in fact, as the defendant then well knew, he had been a member or part of the Islamic Movement in Kurdistan, an armed Islamic Movement seeking to establish an Islamic government in Iraq. All in violation of Title 18, United States Code, Section 1001.

## COUNT 30

25. On or about August 5, 2004, at or near Albany, in the State and Northern District of New York, defendant **YASSIN MUHIDDIN AREF** in a matter within the jurisdiction of the United States Department of Justice, Federal Bureau of Investigation, did knowingly and willfully make a false, fictitious and fraudulent statement, to wit, defendant, after

acknowledging to FBI agents that he knew Mullah Krekar was a famous person and founder of the terrorist organization Ansar al Islam, denied that he knew Mullah Krekar personally, whereas, in truth and in fact, as the defendant then well knew, he did know Mullah Krekar personally, and had spoken to and had met with Mullah Krekar. All in violation of Title 18, United States Code, Section 1001.

## SENTENCING ALLEGATIONS

26.    With respect to Counts 1-11:

a.    The value of the laundered funds exceeded $30,000; and

b.    Defendants **YASSIN MUHIDDIN AREF and MOHAMMED MOSHARREF HOSSAIN** believed that the laundered funds were the proceeds of an offense involving firearms.

c.    Each of Counts 1 and 4-26 is a felony that involved, and was intended to promote, a federal crime of terrorism.

## **FORFEITURE ALLEGATION**

As the result of committing the money laundering offense in violation of 18 U.S.C. § 1956, referenced in Counts 1-11, defendant(s) shall forfeit all property involved in such offense, pursuant to 18 U.S.C. § 982(a)(1), such property constituting proceeds of such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, including, but not limited to: $50,000 United States Currency.

As the result of committing the material support offense(s) in violation of 18 U.S.C. §§ 2339A and 2339B, referenced in Counts12-27, defendant(s) shall forfeit all proceeds of such offense(s), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, including, but not limited to: $50,000 United States Currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s): (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third person; (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

Dated: September 29, 2005

GLENN T. SUDDABY
United States Attorney

By:

William C. Pericak
Assistant U.S. Attorney
N.D.N.Y. Bar Roll No. 105607

Gregory A. West
Assistant U.S. Attorney
N.D.N.Y. Bar Roll No. 501530