1

COPY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**UNITED STATES OF AMERICA,**

    -versus-                      04-CR-402

                                   (SENTENCING)

**MOHAMMED MOSHARREF HOSSAIN,**

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        **TRANSCRIPT OF PROCEEDINGS** held in and for the United States District Court, Northern District of New York, at the James T. Foley United States Courthouse, 445 Broadway, Albany, New York 12207, on **THURSDAY, MARCH 8, 2007,** before the **HON. THOMAS J. McAVOY,** Senior United States District Court Judge.

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

2

APPEARANCES:

FOR THE GOVERNMENT:

HON. GLENN T. SUDDABY, United States Attorney - NDNY

BY:  WILLIAM C. PERICAK, Assistant U.S. Attorney

     -and-

     ELIZABETH C. COOMBE, Assistant U.S. Attorney

FOR THE DEFENDANT HOSSAIN:

TOBIN & DEMPF

BY:  KEVIN A. LUIBRAND, ESQ.

ALSO PRESENT:  EDWARD M. COX, U.S. Probation Officer

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                              3

(Court convened at 11:00 AM.)

THE CLERK:  United States of America versus Mohammed Mosharref Hossain, 04-CR-402.  May I have the appearance for the Government?

MR. PERICAK:  William Pericak on behalf of the United States.  With me, Elizabeth Coombe.

THE COURT:  Mr. Pericak, Miss Coombe.

THE CLERK:  On behalf of the defendant, please.

MR. LUIBRAND:  Kevin Luibrand for the defendant, who is here to my right.

THE COURT:  Mr. Luibrand, Mr. Hossain.  Well, I see we have some survivors of the first go-around, congratulate yourself for your fortitude, but you will hear a lot of what you heard before if you stick around, so be forwarned.  You can always leave.

Mr. Luibrand --

MR. LUIBRAND:  Good morning, your Honor.

THE COURT:  -- have you had an opportunity to review the presentence investigation report with your client?

MR. LUIBRAND:  Yes, sir.

THE COURT:  Mr. Hossain, did you have a chance to read over the presentence investigation report?

THE DEFENDANT:  Your Honor, actually, I was

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                        4

sick during that time because my kidney, I had kidney stones, this is second time.  So, I am on and off pain, going to doctor back and forth, and I didn't have a chance, plus I lost my eyeglass, so I didn't -- Mr. Kevin told me.

THE COURT:  So you talked it over with him?

THE DEFENDANT:  Yes, sir.

THE COURT:  So, did he make you aware of the contents of the report?

THE DEFENDANT:  Yes.  Yes, sir.

THE COURT:  All right.  Mr. Luibrand, I will do the same thing for you.  You were in the courtroom when I talked to Mr. Kindlon on the Aref sentencing.  With respect to anything in that presentence report that you take issue with, and I am sure you take issue with a lot, the Court will give you an exception to a finding of the Court's acceptance of those facts.  I think that will shorten this up to some degree, I hope.  Would you like to proceed in a different fashion?

MR. LUIBRAND:  No, your Honor, that's fine.

THE COURT:  All right.  Okay, Mr. Pericak, how about you?

MR. PERICAK:  Your Honor, we have no objection to either the facts as set forth in the report or the scoring.

THE COURT:  All right.  Mr. Hossain, do you

USA v. Hossain - 04-CR-402                                        5

agree with Mr. Luibrand's approach here this morning?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Okay.  All right, Mr. Luibrand, what did you want to say to the Court on behalf of your client before I sentence him?

MR. LUIBRAND:  Your Honor, I had the opportunity, as did Mr. Kindlon, to present to your Honor a detailed sentencing memorandum.  I was also present for your sentencing of Mr. Aref and I appreciate that the arguments that I made in that sentencing memorandum have been considered and, therefore, I have no additions to that sentencing memorandum and have nothing further to say with regard to sentencing.

THE COURT:  You know, I think it just occurred to me, I think this should be done.  Those sentencing memorandas, both you and Mr. Kindlon's, from his office, were excellent and they were educational, as far as the Court was concerned, and I really did pay attention to a lot of the material asserted therein.  I think both in this case and the Aref case, those sentencing memorandums should be made a part of the record and forwarded to the Circuit so they can be seen when the Circuit reviews this case.

The Court, of course, has also received letters from people in the community on your behalf, Mr. Hossain, and the petitions that were circulated, a lot

USA v. Hossain - 04-CR-402                                    6

of people signed 'em.  I couldn't read all of the signatures, but I read every one.  Even found the name Luibrand in one, but apart from that, I didn't recognize a lot of the names but people from the community, and the Court has considered that, that you have that support.  And the Court is glad, like in the case of Mr. Aref, that your family is being helped out by people in the community who are responding to the problems that you have, and that's a good thing that's come out of this.

So, Mr. Luibrand, did you want to address the Court now on the matter of sentencing?

MR. LUIBRAND:  I have nothing to add, other than the sentencing memorandum.

THE COURT:  Mr. Pericak.

MR. PERICAK:  Your Honor, I, too, will rely on the sentencing memorandum.

THE COURT:  Mr. Hossain, did you want to say anything to me, sir?

THE DEFENDANT:  Just two things.

THE COURT:  Okay.

THE DEFENDANT:  The first, I thank you and all those in your courtroom for the courtesy and respect throughout this case.  Your Honor, you have treated me as a citizen and allowed me to keep my dignity.

I also thank the people from the Marshal's

USA v. Hossain - 04-CR-402                                                7

office and especially the police at the Rensselaer County Jail have treated me fair and have allowed my family and my attorney to visit without any difficulties.

Your Honor, when Malik first came into my life, he had everything that I did not. He seemed smart and rich; I was not those. He had successful import/export business that give him money and cars and a life which he said give him more money than he could ever spend. I struggled every day. I was just a pizza man. I made good pizza. I did not know and do not know about terrorists and terrorism and shooting or bombing, but I could tell you how many pounds of flour needed to make a day's worth of pizza, your Honor. I could have (sobbing, unintelligible) in a restaurant in downtown Albany to deliver pizzas. But terror, bombs and money laundering, those are not part of my life.

Before Malik came into my life, work and my family were my whole life. Almost everyone in this courtroom was born in this country, United States of America. Twenty-two years ago, I picked America to come to. I did it to chase my dream for a better life, and I found that life, your Honor. I was almost 50 years old when the Government sent Malik in. I was not robbing, not stealing. I was not talking or thinking about money laundering or terrorist or anything to do with terrorism. I was not a

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                        8

person that the Government needed to get off the street or away from a criminal life. I was just living my life. This is my country, and my life was not a life that had crime.

It has been told me that the police use people like Malik, people with his background and criminal and lying and police work, and it is okay. I do not know if I understand that idea, your Honor. But even if that is what is done, I do not know why it was me who was chosen. I was not a criminal, I was not committing crime, I was not even thinking about crime. I was not encouraging others to commit crimes. I was taking care of my family, and fixing up run-down apartments, making and delivering pizzas, taking care of my family and my mother-in-law and my disabled brother.

Like any person who stands here, I want to return my family and my life. I wish for the chance to restart my life and be with my wife and children again. My work support ten people, six who are my children, and one who is my disabled brother. Unlike other who stood here, when I say I wish to return my life, it is not the life that is crime. It is a life of work and supporting others. In the picture of my life, more than any person, I have to trust and do trust my faith. Today, my faith has me standing here before you and has me place my hope in you and the court system.

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                          9

I thank you, your Honor.

THE COURT:  All right.  Thank you, Mr. Hossain.  Do you know any reason I shouldn't sentence your client, Mr. Luibrand?

MR. LUIBRAND:  No, sir.

THE COURT:  Mr. Hossain, do you know any reason I shouldn't sentence you, any legal reason?

THE DEFENDANT:  No, your Honor.

THE COURT:  Okay.  Thank you.  The Court appreciates, too, your demeanor in this courtroom; it was never out of line.  You also showed respect to all the people in court, and I think that's a good indication of your character, even though you got involved in this criminal scheme.  I don't think that's what you're all about.

The Court, again, has reviewed all the information presented to it, including the information contained in the letters, the petitions, the briefs, coming from counsel, both sides, the presentence investigation report, the addendum and all the other submissions and what was said here in court today.  The Court adopts the factual information contained in the presentence investigation report.  Of course, gives an exception to counsel where it is needed.

Now, as to the United States Sentencing

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                          10

Guidelines calculation, the Court will start by addressing the Guideline calculation for Mr. Hossain's convictions on Counts 20 through 27. On these counts, Mr. Hossain was convicted of one count of conspiracy to provide material support to a Designated Terrorist Organization in violation of 18 United States Code Section 2339B and seven counts of attempting or aiding and abetting an attempt to provide material support to a Designated Terrorist Organization in violation of 18 United States Code Sections 2339B and 2. The Sentencing Guidelines manual specifies that for violations of 18 United States Code Section 2339B, the applicable Guideline is United States Sentencing Guidelines Section 2M5.3. Under that section, specific offense characteristics, that follows a base offense level of 26 and a specific offense characteristic provides if the offense involved a provision of funds or other material support or resources with the intent, knowledge or reason to believe they are to be used to commit or assist in the commission of a violent act, increase by two levels. The facts at trial established that the material support in issue -- that is, the laundering of funds from the confidential witness' purported illegal importation of a surface-to-air missile -- was performed by Mr. Hossain with the intent, knowledge and belief that the surface-to-air missile would be used in an attack on the Pakistani Ambassador in New York City. Thus,

USA v. Hossain - 04-CR-402                                      11

the offenses clearly involved the provision of material support with the intent, knowledge or reason to believe that the material support would assist in the commission of a violent act.  So, accordingly, two points are added.

Section 3A1.4, the terrorism enhancement, provides at subsection A that if the offense is a felony that involved or was intended to promote a federal crime of terrorism, increase by 12 levels; but if the resulting offense level is less than level 32, increase to level 32. This enhancement also provides, at subsection B, that in each such case, the defendant's criminal history category from Chapter 4 shall be category 6.

Pursuant to application note 1, a federal crime of terrorism has the meaning given that term in 18 United States Code Section 2332b(g)(5).  That contains a two-part definition:  One, the crime must be an offense calculated to influence or affect the conduct of government by intimidation or coercion or to retaliate against government conduct; and two, the crime must be listed in Section 2332b(g)(5)(B).

Both Section 2339A, which I'll address in a moment, and 2339B are listed in section 2332b(g)(5)(B). Further, based upon statements by the confidential witness during the course of the criminal venture, the evidence established that Mr. Hossain committed the crimes believing

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                      12

that Jaish-e-Mohammad, the group that purportedly received the surface-to-air missile, was intending to deploy it against the Pakistani Ambassador in order to teach the President of Pakistan a lesson.  Thus, the evidence was sufficient to establish that the Section 2339B offenses involved the federal crime of terrorism that was calculated to influence or affect the conduct of government by intimidation or coercion or to retaliate against government conduct.  See, United States versus Arnaout, 431 F.3d 994, at 1001; United States versus Mandhai, 375 F.3d 1243, at 1247; United States versus Graham, 275 F.3d 490, 516; see also United States versus Hale, 448 F.3d 971, footnote 1; United States versus DeAmaris, 406 F.Supp 2d 748, at 750. Therefore, 12 levels will be added under the terrorism enhancement.

For the reasons set forth in the presentence report, paragraphs 75, 76 and 78, the Court finds that no other adjustments are warranted for this offense level. Accordingly, the total offense level is 40 for the Section 2339B convictions.

Turning to criminal history, the application of the terrorism enhancement results in a presumptive criminal history category of 6 for Mr. Hossain.  While the Second Circuit has held that Congress and the Sentencing Commission had a rational basis for creating a uniform

USA v. Hossain - 04-CR-402                                    13

criminal history category for all terrorists under Section 3A1.4(b), the Circuit also noted in the same case that the district court always has discretion under Section 4A1.3(b) to depart downward at sentencing.  United States versus Meskini, 319 F.3d 88, at 92.  Thus, even where the terrorism enhancement applies, a horizontal departure on criminal history is warranted under 4A1.3(b) if the criminal history category of 6 seriously overrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.

The Court finds that a criminal history category of 6 does substantially overrepresent the seriousness of the defendant's criminal history.  As indicated in the presentence investigation report, paragraphs 82 through 87, Mr. Hossain received zero criminal history points as scored by the United States Probation Office.  Despite two minor prior interactions with law enforcement, these apparently did not result in criminal convictions.  The credible and reliable evidence indicates that Mr. Hossain has provided for his family until his arrest through lawful employment in various capacities, and there's no indication that he's engaged in any other criminal activity in this country other than reported.  Based upon Mr. Hossain's lack of criminal history and his personal characteristics, the Court finds his circumstances

USA v. Hossain - 04-CR-402                                    14

to be also extraordinary and that a downward departure is warranted to a criminal history category of 1.

Pursuant to United States Sentencing Guideline Chapter 5, Part A, based on a total offense level of 40 and a criminal history category of 1, the guideline range for imprisonment is 292 to 365 months. Pursuant to 18 U.S. Code Section 2339B, the statutory maximum term of imprisonment for the 2339B convictions is 180 months. The Court will address the relationship of the statutory maximum to the guideline range in a moment.

Court next turns to Counts 12 through 19, upon which Mr. Hossain was convicted of conspiracy to conceal or disguise the nature, location, source or ownership of material support or resources in connection with an attack with a weapon of mass destruction on a person or property within the United States, in violation of 18 United States Code Section 2339B, and seven substantive counts of attempting, or aiding and abetting an attempt, to conceal or disguise the nature, location, source or ownership of material support or resources in connection with an attack with a weapon of mass destruction on a person or property within the United States, in violation of 18 United States Code Sections 2339A and 2.

For a violation of 18 U.S. Code Section 2339A, the applicable guideline is Section 2X2.1 or Section

USA v. Hossain - 04-CR-402                                    15

2X3.1.  These provisions, in turn, direct that the offense level is the same as that for the underlying offense.  The underlying offense charged in these counts was a violation of 18 U.S. Code Section 2332a, the unauthorized use of a weapon of mass destruction on a person or property within the United States.

A guideline sentence for the violation of 2332a is determined using either U.S. Sentencing Guideline Section 2K1.4 or 2M6.1.  Section 2M6.1, which is the higher guideline, does not apply because the definition of weapon of mass destruction in application note 1 excludes the subsection of Section 2332a that's charged in the superseding indictment.

Under United States Sentencing Guidelines 2K1.4, the base offense level is 24.  For the reasons discussed a moment ago, the terrorism enhancement of United States Sentencing Guideline Section 3A1.4 applies to the 2339A convictions, resulting in a 12-point increase to the offense level.  Also for the reasons discussed a moment ago, the Court finds that no adjustments apply and that a downward departure to criminal history category 1 is warranted in this case.

Pursuant to United States Sentencing Guidelines Chapter 5, Part A, based on a total offense level of 36, and a criminal history category of 1, the guideline

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                           16

range for imprisonment for Counts 12, 18 and 19 is 188 to 235 months.  Pursuant to 18 U.S. Code Section 2339A, the statutory maximum term of imprisonment for Counts 12, 18 and 19 is 180 months.

Mr. Hossain was also convicted of conspiracy and 10 substantive offenses of money laundering in violation of 18 United States Code Section 1956.  See Counts 1 through 11.  The Sentencing Guidelines manual specifies that for violations of 18 U.S. Code Section 1956, the applicable guideline is United States Sentencing Guideline Section 2S1.1.

Under Section 2S1.1(a)(2), the base offense level for these convictions is 8, plus the number of levels from the table in Section 2B1.1, corresponding to the value of the laundered funds.  Because the value of the laundered funds in this case was more than 30,000 but less than 70,000, 6 additional levels are added.

Also, as to specific offense characteristics, Section 2S1.1(b)(1) provides that if the defendant knew or believed that any of the laundered funds were the proceeds of or were intended to promote a crime of violence or an offense involving firearms or explosives, increase by six levels.  The evidence established that Mr. Hossain believed that the laundered funds were the proceeds of the illegal importation of a firearm or explosive and that he believed

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                    17

that money laundering scheme was intended to promote a crime of violence involving the use of a firearm or explosive. Accordingly, 6 additional levels are added.

Next is the question of whether the terrorism enhancement of Section 3A1.4 applies to the money laundering convictions. As the Court indicated previously, in order for the enhancement to apply, the offense must be a felony that involved or was intended to promote a federal crime of terrorism. Section 3A1.4(a). Application note 1 provides that a federal crime of terrorism has the meaning given that term in 18 U.S. Code Section 2332b(g)(5). Under Section 2332b(g)(5), the crime must be, one, an offense that is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against Government conduct, and, two, listed in 2332b(g)(5)(B). Since 18 U.S. Code Section 1956 is not listed in Section 2332b(g)(5)(B) this offense does not involve a federal crime of terrorism. Nonetheless, the terrorism enhancement is properly applied to the money laundering convictions under the intended to promote prong of the enhancement language if the purpose or intent of the defendant's substantive offense of conviction or relevant conduct was to promote a federal crime of terrorism. United States versus Arnaout, 431 F.3d 994, 1000 and 1001. See also United States versus Hale, 448 F.3d 971, at 988; United States versus Mandhai, 375 F.3d

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                    18

1243, at 1247; United States versus Graham, 275 F.3d 490, 517.

Here, the evidence established that Mr. Hossain believed that the funds being laundered were the proceeds from the sale of a surface-to-air missile that was to be used in an attack on the Pakistani Ambassador by Jaish-e-Mohammad to teach the President of Pakistan a lesson.  Thus, the evidence was sufficient to establish that, through the money laundering scheme, Mr. Hossain intended to promote a federal crime of terrorism and that was calculated to influence or affect the conduct of government by intimidation or coercion or to retaliate against government conduct.  Accordingly, the terrorism enhancement applies to the Section 1956 convictions, 12 levels are added.  No additional adjustments are warranted, bringing the total offense level to 32.  Also, for the reasons discussed a moment ago, the Court finds that a downward departure to criminal history category 1 is warranted.

Pursuant to United States Sentencing Guidelines Chapter 5, Part A, based on a total offense level of 32 and a criminal history category of 1, the guideline range for imprisonment for Counts 1, 10 and 11 is 121 to 151 months.  Pursuant to 18 U.S. Code Section 1956, the statutory maximum term of imprisonment for Counts 12, 18 and

USA v. Hossain - 04-CR-402                                              19

19 is 240 months.

The Court has also considered Mr. Hossain's motion for a further departure under 5K2.0 of the Sentencing Guidelines based on -- well, actually 5K2.20 of the Sentencing Guidelines based upon aberrant behavior and finds that departure on this ground is not warranted. Section 5K2.20 permits a downward departure for aberrant behavior only if the defendant committed a single criminal occurrence or single criminal transaction that was committed without significant planning and was of a limited duration and represents a marked deviation by the defendant from an otherwise law-abiding life.  United States Sentencing Guidelines Section 5K2.20(b).

The Court finds the offenses committed by Mr. Hossain were not spontaneous, but, rather, involved significant planning.  See United States versus Castellanos, 355 F.3d 56 at 59.  Further, the crimes were not of a limited duration, but, rather, were committed over a relatively long duration and done repetitively.  The facts establish on November 20, 2003, Mr. Hossain was shown the surface-to-air missile and learned that the confidential witness sold it for $50,000.  He then had from December 3, 2003, when the money laundering proposal was made, until January 2, 2004, when the first money laundering transaction occurred, to decide whether to participate.  Yet, he did

USA v. Hossain - 04-CR-402                                                   20

participate and he continued participation throughout the next seven months, when he over and over again committed additional money laundering acts until his arrest on August 4, 2004.

Quote, "Repetitive or significant planning -- repetitious or significant, planned behavior does not meet the requirements of subsection (b) of Section 5K2.20. United States Sentencing Guidelines Section 5K2.20, application note 2. Conduct here does not warrant an aberrant behavior downward departure under 5K2.20.

United States Sentencing Guideline Section 5G1.2(d) provides if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law. The counts carrying the highest statutory maximum are the 1956 counts, which carry a 240 month statutory maximum. The Guideline sentence for the Section 1956 offenses is 121 to 151 months, which is less than the 240 month statutory maximum. Referring to Section 5G1.2(d), the Second Circuit recently held that where the Guidelines' recommended sentence exceeds the statutory

USA v. Hossain - 04-CR-402                                    21

maximum on some counts, but not others, the Court should impose no more than the statutory maximum on any one count but should impose the sentences consecutively to the extent necessary to reach the recommended Guidelines range.  United States versus Reifler, 446 F.3d 65, at 113.

The Section 2339B convictions carry the highest adjusted offense level.  Consequently, in accordance with United States Sentencing Guideline Section 3D1.3(a), these offenses are controlling for sworn purposes.  The Guideline range for these offenses of convictions, which can be grouped with the other offenses of conviction under United States Sentencing Guideline Section 3D1.3(b) constitutes the total punishment for purposes of Section 5G1.2(d).  See presentence report at paragraph 80, discussing grouping.  The Guideline range for the Section 2339B offenses is 292 to 365 months.  Thus, if the Court were to apply Section 5G1.2(d), Mr. Hossain's sentence of imprisonment on the various convictions would be imposed within their statutory maximums but consecutively up to the point that the total punishment sentence of imprisonment under the Guidelines was reached.  In this regard, applying 5G1.2(d) would result in an aggregate sentence of at least 292 months, which is the lower end of the Guidelines range for the 2339B convictions.

However, as a result of the United States

USA v. Hossain - 04-CR-402                                          22

versus Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, Section 5G1.2(d) of the Sentencing Guidelines is advisory. U.S. versus Kurti, 427 F.3d 159, 164. Accordingly, this Court possesses discretion to determine, after application of the Section 3553(a) factors, whether to impose consecutive or concurrent sentences. Now, once again, I am not gonna recite the 3553 factors. The Court is well aware of 'em, there's significant number of decisions authored by this Court and others which recite them. I am not gonna go through them again, just indicate to the Second Circuit the Court's thoroughly aware of them and has considered each and every one of them in this case.

Considering the factors set forth in 3553(a), the Court finds an appropriate sentence is reached without applying Section 5G1.2(d). The underlying terrorism crime around which the sting was purportedly based is a very serious offense and those who support these types of crimes deserve substantial punishment to deter them, and others like them, from committing similar crimes in the future. Once again, having said that, and having considered that Congress determined that the statutory maximum sentences for the Section 2339A and Section 2339B offenses to be 180 months, the Court finds a sentence of 180 months is reasonable and sufficient to accomplish the goals set forth in Section 3553(a).

USA v. Hossain - 04-CR-402                                                  23

The evidence does not support the proposition that Mr. Hossain actively sought out some way to aid a terrorist crime. Rather, the crimes were presented to him. In addition, the evidence establishes that Mr. Hossain proceeded with the crimes out of greed, not an ideological desire to commit acts of terrorism. Having considered the available sentences under the Guidelines and the statutes, the defendant's history and characteristics, the nature and circumstances of the crimes of conviction, the need for deterrence, punishment and to protect the public, and the other factors set forth under Section 3553, the Court finds that a sentence of 180 months is reasonable and adequate under these circumstances.

The Court does not find that Mr. Hossain's medical condition or age warrants a sentence below 180 months. As outlined by the Bureau of Prisons Health Systems Administrator in a letter the prosecutor attached as Exhibit A to the Government's reply sentencing memorandum, the Bureau of Prisons has facilities and capabilities to adequately address and care for Mr. Hossain's medical conditions. See United States versus Martinez, 207 F.3d 133, at 139. Further, Mr. Hossain is not of such an advanced age or of such infirm health that would warrant a sentence below 180 months.

Finally, the Court does not find that a lower

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                        24

sentence is warranted to gain parity with the 28-month sentence imposed upon Lynn Stewart.  As the Second Circuit noted recently, the mandate to take into account nationwide disparities under Section 3553(a)(6), as distinct from the need to give due weight to the Guidelines under Section 3553(a)(4), is modest.  United States versus Wills, 2007 WL 366071, at *6.  While the Court must be mindful of the general goal, however elusive, of national consistency in sentencing, the Court's primary duty is rendering a just sentence with an eye toward the particular circumstances before it.

Looking at the circumstances of Mr. Hossain and his conviction, and those of Mrs. Stewart, the Court finds the two are not similarly situated such that Ms. Stewart's sentence should dictate the sentence imposed upon Mr. Hossain.  In Ms. Stewart's case, the District Court found a substantial downward variance was warranted based on Ms. Stewart's past work providing a criminal defense to the poor, the disadvantaged and unpopular over three decades; the fact that she would lose the act to practice law, which would mean that the occasion for her offenses will be removed; and at the time of sentencing, she was 67 years old and suffered from cancer and underwent surgery and radiation therapy and was taking medication for the condition.  United States versus Sattar, et al., S1 02 Cr.395.  That's a cite

USA v. Hossain - 04-CR-402                                    25

to the Southern District transcript of October 16, 2006, sentencing, at pages 115 to 117.  By contrast, Mr. Hossain has no similar history of public service; he will not lose a license to pursue a profession; the means to pursue the underlying crime will not necessarily be removed; he is 17 years younger than Mr. Steward; and his medical condition is one that the Bureau of Prisons believes that it can adequately address.

Here, for reasons previously discussed, including consideration of the need to punish the defendant and to protect the public from further crimes from Mr. Hossain, the Court finds no basis to sentence Mr. Hossain below 180 months.

Therefore, Mr. Hossain, upon your conviction at trial to Counts 1 through 27 of the superseding indictment, it's the judgment of the Court that you are hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 180 months, and you are to be imprisoned for a term of 151 months on each of Counts 1 through 11, and 180 months on Counts 12 through 27.  The sentence on all counts are to run concurrently with one another, so the aggregate term of imprisonment, as stated, for all counts is 180 months.

Upon release from imprisonment, you shall be placed on supervised release for a term of three years on

USA v. Hossain - 04-CR-402                                    26

each of the ten counts of conviction.  These terms of supervised release are to run concurrently pursuant to 18 U.S. Code Section 3624(e) for a total term of supervised release of three years.  While on supervised release, you shall not commit another federal, state or local crime and shall comply with the standard conditions adopted by this Court and the following special conditions:

If you're deported or otherwise leave the United States, you shall not enter or attempt to enter the United States without the permission of the Secretary of the Department of Homeland Security.  If you re-enter the United States, you shall report to the probation office in the Northern District of New York within 72 hours.  You shall report to, remain in contact and cooperate with the Bureau of Immigration and Customs Enforcement and you shall fulfill any requirements of U.S. Immigration Law.

You shall provide the Probation Officer with access to any requested financial information.

You shall submit your person, property, vehicle, papers and effects to search at any time, with or without a warrant, by any federal Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by you.

The Court has reliable information which indicates you pose a low risk of future substance abuse, so

USA v. Hossain - 04-CR-402                                                27

the mandatory drug testing condition is suspended.

Pursuant to 18 United States Code Section 982(a)(1) and 18 United States Code Section 981(a)(1)(C) and 28 United States Code Section 2461, and as fully outlined in the preliminary order of forfeiture, you shall forfeit to the United States all right, title and interest in $40,000 United States currency, but shall receive credit for any funds previously recovered.

Further ordered you pay a special assessment to the Clerk of the Court of $100 on each count of conviction, which is due immediately.  Court finds, based on your financial resources, projected earnings and other income, as well as your financial obligations, that you don't have the ability to pay a fine and doesn't impose one.

Both you and the Government have the right to appeal this sentence under certain limited circumstances. You should consult with your attorney about filing an appeal, but any appeal -- and to see if it's warranted.  But any appeal that you take has to be filed within ten days of the date of this sentence.

So, you are remanded to the custody of the U.S. Marshal in accordance with the terms of this sentence. Court stands adjourned in this matter.

MR. LUIBRAND:  Your Honor?

MR. PERICAK:  Thank you, your Honor.

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

USA v. Hossain - 04-CR-402                                                28

THE COURT:  Thank you for your patience.

MR. LUIBRAND:  Your Honor, could we request a designation, prison designation?

THE COURT:  Yes.  What would you like?

MR. LUIBRAND:  The nearest location to this area, which I believe is the western Massachusetts federal prison.

THE COURT:  The Court will request that the Bureau of Prisons place Mr. Hossain in a facility as close to the Albany area as possible and consider placing him in the western Massachusetts facility.  Court stands adjourned.

MR. PERICAK:  Thank you, your Honor.

(This matter adjourned at 11:40 AM.)

- - - - -

29

CERTIFICATION:

I, THERESA J. CASAL, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, do hereby certify that I attended at the time and place set forth in the heading hereof; that I did make a stenographic record of the proceedings held in this matter and cause the same to be transcribed; that the foregoing is a true and correct transcript of the same and the whole thereof.

THERESA J. CASAL, RPR, CRR

Official Court Reporter

DATE: 5/2/07