UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **Criminal Case No.:** |
| v. ) | **1:04-CR-402 (TJM)** |
| ) | |
| MOHAMMED MOSHARREF HOSSAIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPROMISE OF PROPERTY

The United States of America, by and through its counsel, Richard S. Hartunian, United States Attorney, and Sean O'Dowd, Assistant United States Attorney, respectfully submits this memorandum of law in opposition to the defendant's Motion for the Compromise of Property Due to Misinformation of Forfeiture of His Money Judgment.

### PRELIMINARY STATEMENT

On November 17, 2014, the defendant moved for the return of $5,252.00 seized from his prison commissary account, contending that these funds had previously been collected by the government at the time of sentencing. On December 9, 2014, the government filed its opposition brief, noting that the seized funds represented the outstanding balance of the 2007 forfeiture order, for which the defendant was jointly and severally liable, and that the commissary funds were appropriately designated as substitute assets. In his February 17, 2015 submission, the defendant now appears to concede that the $5,252.00 was not previously collected, but continues to challenge the seizure on fairness grounds and seeks a "compromise" of the amount due.

As discussed in greater detail in the government's December 9, 2014 brief, the defendant's responsibility for the entirety of the forfeiture judgment follows directly from the

2007 forfeiture order imposing joint and several liability on both co-defendants. The defendant did not challenge that forfeiture order on direct appeal at the time of his conviction, and his failure to do so is fatal to his current motion. Moreover, while the defendant has requested the imposition of an installment payment plan, he has articulated no reason for the Court to do so. An installment plan is unnecessary given that the defendant maintains over $44,000 in his prison commissary account even after the challenged seizure.

Accordingly, the defendant's motion should be denied.

## ARGUMENT

### I. THE DEFENDANT IS JOINTLY AND SEVERALLY LIABLE FOR ANY OR ALL OF THE $40,000.00 MONEY JUDGMENT

As detailed in the government's December 9, 2014 brief, the 2007 forfeiture order directs that the two co-defendants in this case be held "jointly and severally liable for the payment of the money judgment." ECF Doc. No. 451, at 2. The defendant now contends that it would be "unfair and unjust" to hold him liable for the entirety of the $40,000.00 money judgment and to impose "not an iota of liability on his co-defendant." ECF Doc. No. 716, at 7. This argument appears to reflect a misunderstanding of the nature of joint and several liability. By definition, joint and several liability renders any liable party individually responsible for the entire obligation of the money judgment.[1] As applied here, the defendant or his co-defendant could each be held responsible for the full payment of the $5,252.00 balance. The government is justified in obtaining satisfaction of the entirety of the money judgment from either the defendant

---

[1] *See generally Fubon Ins. v. China Express Co*, No. 02-CV-2467, 2004 WL 326193, at *6 (S.D.N.Y. Feb. 17, 2004) (defining joint and several liability as "liability that may be apportioned either among two or more parties or to only one or a few select members of the group . . . each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution and indemnity from nonpaying parties") (quoting BLACK'S LAW DICTIONARY 926 (7th ed. 1999)).

or the co-defendant in this case.[2]  It is the responsibility of the paying party, not the government, to seek contribution from any non-paying party.[3]  Thus, to the extent the defendant seeks to challenge his share of the total forfeiture amount, he may pursue a contribution from his co-defendant.

## II.  THE DEFENDANT'S FAILURE TO CHALLENGE THE FORFEITURE ORDER ON DIRECT APPEAL RENDERS HIS MOTION UNTIMELY

As set forth in the government's December 9, 2014 brief, criminal forfeiture is part of the defendant's sentence and may be challenged only on direct appeal.  ECF. Doc. No. 709, at 4. *See Winkelman v. United States*, 494 Fed. Appx. 217, 220 (3d Cir. 2012); *Winkelman v. United States*, No. 4:01-CR-304, 2012 WL 5898599 (M.D. Pa. Nov. 21, 2012) ("criminal forfeiture must be challenged on direct appeal or not at all.").  The defendant's criminal conviction, judgment, and forfeiture order were all finalized in 2007, and over $34,000 (85%) of the total forfeiture judgment was seized from the defendant at that time.  Nevertheless, the defendant did not challenge the forfeiture at that time before this Court or on appeal.  *See* ECF Doc. Nos. 353, 452, 618, and 686.  Accordingly, the defendant's current challenge should be denied as untimely.

## III.  THE SUBJECT FUNDS WERE PROPERLY SEIZED AS SUBSTITUTE ASSETS

For the reasons articulated in the government's December 9, 2014 brief, the disputed funds were appropriately seized from the defendant's prison commissary account as substitute assets pursuant to 21 U.S.C. § 853(p).  *See* ECF Doc. No. 709, at 6-7.

---

[2] It is well established in the Second Circuit that members of a conspiracy may be held jointly and severally liable for the foreseeable consequences of a conspiracy.  *See United States v. Fruchter,* 411 F.3d 377, 384 (2d Cir. 2005) (each conspirator is jointly and severally liable for all proceeds foreseeably derived from the racketeering activity charged in the indictment); *United States v. Stathakis,* No. 04-CR-790, 2008 WL 413782, at *10 (E.D.N.Y. Feb. 13, 2008) (defendant convicted of only two substantive counts of bank fraud plus conspiracy is jointly and severally liable for the proceeds of the entire conspiracy, including the proceeds of acts he was not directly involved in), *aff'd,* 320 Fed. Appx. 74 (2d Cir. 2009).

[3] *See Fubon*, 2004 WL 326193, at *6 (quoting BLACK'S LAW DICTIONARY 926 (7th ed. 1999)).

### IV. THE DEFENDANT FAILS TO PROVIDE ANY SUPPORT FOR HIS REQUEST FOR AN INSTALLMENT PAYMENT PLAN

In the alternative, the defendant requests that he be allowed "to make incremental monthly payments in the amount of $25.00 or $50.00, until all the $5,252.00 is paid." ECF Doc. No. 716 at 7. However, the defendant offers no factual or legal basis for implementing an installment payment plan. In fact, a review of the defendant's prison account demonstrates that the seizure of $5,252.00 represented a less than 10% change in the defendant's total commissary balance. *See* ECF Doc. No. 708 at 18. Even after the challenged seizure, as of October 21, 2014, the defendant maintained a balance of over $44,000 in his prison commissary account. *See id*. Accordingly, there is no basis for imposing an installment plan here.

### V. DEFENDANT'S REMAINING CLAIMS ARE NOT RELEVANT TO THE FORFEITURE DETERMINATION

Much of the defendant's motion is devoted to various assertions regarding his health concerns and the conditions of his incarceration. Each of these claims arises from events occurring after the imposition of sentence in this case. As such, these claims are not relevant to evaluating the defendant's motion, which challenges the fairness of the Court's sentence.

### CONCLUSION

For the reasons stated above, the government respectfully requests that the defendant's motion be denied.

Dated: March 10, 2015                                    RICHARD S. HARTUNIAN
                                                         United States Attorney

                        By:        */s/ Sean O'Dowd*
                                   Sean O'Dowd
                                   Assistant United States Attorney
                                   Bar Roll No. 518067

4